UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD WOMACK, | Case No.: 2:23-cv-00557-APG-MDC |
| Plaintiff | **Order Granting Defendants Williams and Flores' Motions for Summary Judgment and for Leave to File Exhibits Under Seal** |
| v. | |
| T. HANF, et al., | [ECF Nos. 20, 21] |
| Defendants | |

Plaintiff Richard Womack sues various Nevada Department of Corrections (NDOC) employees for events that took place while he was incarcerated at High Desert State Prison (HDSP). He asserts a claim for Eighth Amendment deliberate indifference to medical needs against T. Hanf, T. Manalang, H. Rucker, J. Williams, R. Smith, Flores, James, Penny, and Toni, as well as various Doe defendants. He alleges these defendants routinely failed to timely provide refills of his medications despite being notified of the delays and failed to provide all prescribed medications when medications were belatedly given to him. ECF No. 5 at 7-8.

Williams and Flores move for summary judgment, arguing that Womack failed to exhaust available administrative remedies. Alternatively, they argue they did not personally participate in any violation, were not deliberately indifferent, and are entitled to qualified immunity. Williams asserts that she is not a medical provider, has no authority to prescribe medication, and her only role was in denying Womack's grievances. Flores argues that as a licensed nurse practitioner, she is qualified to dispense medications, but she has no authority to prescribe them. She thus contends that even if there was some delay, she had no authority to prescribe medications, renew prescriptions, or process refills. Both Williams and Flores argue that even if there is a genuine dispute over delays, neither of these defendants personally

participated in the delays or had the requisite state of mind. And they argue that Womack cannot show injury caused by the delay because Womack has no medical expert to causally connect his claimed injuries to the delays. They also contend no clearly established law put them on notice that they would violate Womack's constitutional rights through their conduct. Finally, Williams and Flores argue that there is no basis for punitive damages.

In an untimely response,[1] Womack argues that he was prescribed five keep-on-person (KOP) medications for his congestive heart failure and high blood pressure: Lorsartin, Flomax, Carvedilol, Potassium CHL, and Furosemide. He was also prescribed Warfarin to be administered at night by medical staff during the evening pill call. Womack contends that all the defendants collectively failed to timely provide his KOP medications from May 2022 through April 2023. He asserts that as a result of these delays, he suffered from elevated blood pressure, headaches, eye pain, numbness, swollen veins, stiff and achy joints, and "overall a deterioration of his health and condition." ECF No. 26 at 3-4.

Womack contends that he exhausted his administrative remedies because he moved to the first and second levels of the grievance process after not having received a response to his informal grievance within the given timeframes in NDOC's Administrative Regulations. He also asserts Williams improperly failed to forward his grievance to an official responsible for responding and rejected his grievances for reasons inconsistent with the grievance procedure, thereby rendering the grievance process unavailable to him. Finally, he contends the defendants are not entitled to qualified immunity because it is clearly established that prison officials cannot

---

[1] The defendants moved for summary judgment on January 3, 2025. ECF No. 20. Womack thus had until January 24 to respond. But he did not respond until March 18, 2025. ECF No. 26. Womack did not request an extension of time, nor does he explain in his response why it is untimely. Even if I consider the untimely response, the result is the same.

fail to carry out doctor-prescribed medical treatment after the inmate repeatedly informs officials that he needed the prescribed medications. He contends that although Williams is not a medical provider, as assistant warden she had the authority to investigate his claims. And he asserts that Flores had the authority to refer him to another medical practitioner for symptoms of a cardiac emergency, and her failure to do so caused an unnecessary delay in his treatment.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. I grant Williams and Flores' motion for summary judgment because Womack has not presented sufficient evidence of causation.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

The Eighth Amendment's prohibition against cruel and unusual punishment proscribes deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To succeed on his § 1983 claim for deliberate indifference, Womack must show (1) "a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) the defendants' "response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation omitted). "This includes both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quotation omitted).

"To meet the objective element of the standard, a plaintiff must demonstrate the existence of a serious medical need." *Id.* To show a serious medical need, the plaintiff must demonstrate that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (quotation omitted).

The subjective prong considers whether "the defendant's response to the need was deliberately indifferent." *Id.* "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quotation omitted). Deliberate indifference may also be shown "when prison officials deny, delay or intentionally interfere with medical treatment." *Jett*, 439 F.3d at 1096 (quotation omitted). Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further

injury. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Finally, Womack must "demonstrate that the defendants' actions were both an actual and proximate cause of [his] injuries." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). Where causation is not obvious to a layperson, the plaintiff must provide an expert medical opinion demonstrating that symptoms or harms "were caused by the delay, as opposed to simply being residual symptoms [he] may face regardless of treatment." *Singer v. Williams*, No. 2:20-cv-01556-GMN-EJY, 2024 WL 3540785, at *13 (D. Nev. July 23, 2024) (quoting *Torrence v. Hsueh*, No. 2:10-cv-1222, 2013 WL 322155, at *26 (E.D. Cal. Jan. 28, 2013)).

Womack has not presented sufficient evidence to raise a genuine dispute that periodic delays in receiving his medication caused him harm. Womack states that he suffered elevated blood pressure, headaches, eye pain, numbness, swollen veins, stiff and achy joints, and an overall deterioration in his health as a result of the recurring delays in receiving his medication. But he cites no evidence to support his self-diagnosis of the cause of his physical symptoms. It is not obvious to a layperson that any of these symptoms is causally connected to a delay in receiving medication as opposed to some other cause, such as his underlying health conditions even with timely medication, and he has not presented expert testimony to support causation. I therefore grant defendants Williams and Flores' motion for summary judgment.

I THEREFORE ORDER that defendants Julie Williams and Argelia Flores' motion for summary judgment **(ECF No. 20) is GRANTED**.

/ / / /

/ / / /

5

I FURTHER ORDER defendants Julie Williams and Argelia Flores' motion for leave to file the plaintiff's medical records under seal **(ECF No. 21) is GRANTED**.

DATED this 21st day of August, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE